IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA
Plaintiff,

v.                                         No. 3:13-cr-30125-DRH-2

HECTOR RAUL GARZA,
Defendant.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Pending before the Court is defendant Hector Garza's ("Garza") motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G Amendment 782 (Doc. 615); and, Assistant Federal Public Defender Ethan Skaggs' motion to withdraw as counsel of record for Garza (Doc. 632).  Based on the following, the Court **DENIES** Garza's motion for sentence reduction, and **GRANTS** counsel's motion to withdraw.

## BACKGROUND

On March 21, 2014, Garza pled guilty to one count of Conspiracy to Distribute, and Possess with Intent to Distribute, Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii); all in violation of 21 U.S.C. § 846 (Doc. 181-184).  The Court sentenced Garza to 262 months of imprisonment, and a 5-year term of supervised release (Doc. 312).  On August 24, 2015 and October 26, 2015, the government filed Fed. R. Crim. P. 35(b) motions for sentence reduction (Docs. 505, 579).  The Court granted the—October 26th Rule 35 [(Doc. 579)]—

motion, and Garza's term of imprisonment was reduced from 262 months to 158 months; and, all other terms and conditions of sentencing and supervised release remained the same (Doc. 582).

On July 18, 2016, Garza filed a pro se motion for a 2-level sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 782 (Doc. 615). The Court referred the matter to the Federal Public Defender's ("FPD") Office for the Southern District of Illinois pursuant to Administrative Rule 167 (Doc. 616), and, Assistant FPD Ethan Skaggs entered his appearance as counsel of record for Garza (Doc. 617). On January 13, 2017, Skaggs filed a motion to withdraw as counsel after determining that Garza had no meritorious basis for obtaining relief under § 3582(c) and the retroactive amendments to the drug quantity sentencing guidelines (Doc. 632).

The Court entered a show cause order directing Garza to file a response giving a valid reason for not granting counsel's motion to withdraw, and not denying his motion for sentence reduction (Doc. 633). Garza filed a pro se response arguing that under U.S.S.G. § 1B1.10(b)(2)(B) and *United States v. Phelps*, 823 F.3d 1084 (7th Cir. 2016), the Court possesses authority and discretion to further reduce his sentence (Doc. 635).

## DISCUSSION

"Section 3582(c)(2) does not authorize a sentencing or resentencing proceeding, . . . it provides for the 'modif[ication] of a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances

specified by the Commission." *Dillon v. United States*, 560 U.S. 817, 825 (2010). In other words, district courts are authorized to modify a defendant's term of imprisonment once imposed "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," after considering 18 U.S.C. § 3553(a) factors to the extent they are applicable.  18 U.S.C. § 3582(c)(2).

According to Garza's Presentence Investigation Report ("PSR"), he has a total offense level of 34 and a criminal history category of VI; thus providing for a guideline imprisonment range of 262 to 327 months.  The Court sentenced him to—the low-end of guideline range—262 months to be served consecutively to imprisonment imposed from his Northern District of Texas revocation case, followed by 5 years of supervised release.  Upon government motion, his sentence was reduced from 262 months to 158 months.  *See* Fed. R. Crim. P. 35(b) (upon government motion made within one year of sentencing, court may reduce sentence if defendant provided substantial assistance in investigating or prosecuting other person).  Now, Garza argues that he is entitled to an additional 2-level sentence reduction under Amendment 782 and § 1B1.10(b)(2)(B) of the Sentencing Guidelines.

Sentence modification pursuant to § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issues by the Sentencing Commission. § 3582(c)(2).  Unfortunately, Garza was determined to be a career offender, pursuant to U.S.S.G. §4B1.1.

Therefore, his sentencing guideline range experiences no change under Amendment 782.  *See* U.S.S.G. § 1B1.10(a)(2)  Here, Garza cannot satisfy the first criterion of the statute as he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."

As a result, the Court **DENIES** Garza's motion requesting sentence modification; and **GRANTS** counsel's motion to withdraw.

**IT IS SO ORDERED.**

Signed this 7th day of February, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.02.07 10:47:09 -06'00'

**UNITED STATES DISTRICT JUDGE**